WALTER MOISE & COMPANY, APPELLANT, v. ROCK SPRINGS DISTILLING COMPANY, APPELLEE.

FILED MAY 24, 1907. No. 14,768.

1. **Contract:** OPTION. April 2, 1901, the defendant gave the plaintiff a written agreement to sell certain goods at a certain cash price, and to carry the goods until February 1, 1902, by adding interest at the rate of 6 per cent. per annum until that date, with the privilege to the plaintiff of countermanding all or part of the order before that time. *Held*, That the agreement was an option extended to the plaintiff to make purchase at . the price named within the time limited.

2. ———: CONSTRUCTION. The agreement to pay interest from date of the writing to the time of delivery of the goods was a part of the price to be paid therefor, and not a consideration for the option.

3. ———: OPTION: WITHDRAWAL. An option to purchase goods extended to a party and for which no consideration was paid may be withdrawn at any time before the offer is accepted.

4. **Petition** examined, and *held* not to state a cause of action.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*I. J. Dunn,* for appellant.

*B. N. Robertson, contra.*

DUFFIE, C.

The plaintiff's cause of action is based upon a written agreement, together with subsequent letters which passed between the parties, which we will hereafter notice. The written agreement is as follows: "We agree to sell to

Messrs. Walter Moise & Company 150 bbls. S. I. Monarch whiskey, as follows: 100 bbls. S. I. Monarch Spr. 1899 at 42½c. in bond; 50 bbls. S. I. Monarch Spr. 1900 at 37½c. in bond, on the following terms: The above prices are to be on a cash basis. We agree to carry the above 150 bbls. until February 1, 1902, by adding interest at the rate of 6 per cent. per annum until February, 1902, with the privilege of countermanding all or part of the above order before February 1, 1902. The Rock Springs Distilling Co., Per. A. Hoeber." Appellant contends that the writing above set out constitutes a complete contract, while appellee asserts that it was a mere offer or option given to Moise & Company to purchase the goods, and that, unless said option was exercised before February 1, 1902, and before the option or offer was withdrawn, it is not binding on the defendant. The trial court accepted appellee's view and sustained a demurrer to the petition.

In our view the writing constitutes an option only. Moise & Company did not agree to purchase and pay for the goods. By the express terms of the agreement they reserved the right to countermand all or part of the order before February 1, 1902. They did not in any manner bind themselves to make the purchase. It is not alleged in the petition that any consideration was paid for this option, although it is contended in argument that the agreement to pay six per cent. interest constitutes a consideration. We do not so regard it. The price fixed upon the goods was a cash price, and if Moise & Company accepted the option they were, in addition to the cash price, to pay six per cent. interest thereon from the date of the agreement up to the time of the delivery of the goods. The provision for the payment of interest was a simple method of fixing the price of the goods at the time of delivery. It is alleged in the petition that on April 27, 1901, and again on March 11, 1902, appellant demanded that appellee fulfil its contract, and appellee then refused and still refuses to make delivery. These

letters are referred to as "Exhibits C and D," and made a part of the petition. "Exhibit C," the letter of April 27, after referring to some other orders, concludes as follows: "Now, so you will thoroughly understand our order, the only order you are to fill for us at present is the 100 bbls. of S. I. Monarch Spr. 1901 at 25c. The balance, 100 bbls. Spr. '99 at 42½c. and 50 bbls. S. I. Monarch Spr. 1900 at 37½c., to be filled later, unless we countermand before Feb. 1, 1902. If you have any other orders outside of those mentioned, we countermand them. We remain, Yours truly, Walter Moise & Co."

This certainly does not constitute an acceptance of the option, as the letter contains a plain assertion of appellant's right to countermand the order at any time up to February 1, 1902. The letter of March 11, 1902, need not be considered, as it was written two months after the option had expired. Plaintiff's petition also refers to and sets out a copy of a letter written by defendant to the appellant under date of May 29, 1901. This letter is quite lengthy, and need not be fully set forth. After stating that the orders from Moise & Company were considerably mixed up, the letter continues: "You gave our Mr. Hoeber on January 28 an order for 100 bbls. of May, 1901. This was a cash sale, and the goods were to have been branded 'Walter Moise & Co., Distillers,' and this brand we have had made for you. Before we could fill this order we received your letter of the 27th April saying, cancel all orders except the order given on April 3 for 100 bbls. of May, 1901, which was in addition to the order we already had booked for you. We had information from Mr. Hoeber to the effect that you had the right to countermand the order for 100 bbls. 1901 and 50 bbls. 1900 if the goods were not satisfactory. In our letter of April 5, acknowledging receipt of this order for 250 bbls., we stated that we would guarantee the quality of the goods to be of our highest standard. * * * We do not authorize any salesman to give options on anything, and we accept nothing but *bona fide* sales, and any

whiskey that we sell that is not strictly merchantable we will agree to take back, paying the purchase price with interest on the investment, storage, state and county taxes, and transportation charges, and we think a guarantee of this kind should be sufficient. We hope you will fully understand our position in this matter, and that the same will have your favorable consideration." Other correspondence undoubtedly passed between the parties that is not contained in the record, but we think defendant's letter of May 29, 1901, was a complete withdrawal of any option to purchase whiskey given to the plaintiff by its agent, if the agent had authority to enter into such option contracts.

It is not claimed by appellant that any consideration further than the agreement to pay interest was given for this option agreement, and, as we have already seen, the provision for interest was not a consideration for the privilege of the option, but a method fixed by the parties for arriving at the price of the goods, if the option should be accepted before withdrawal. There are authorities to the effect that one having an option must not only signify his intention to accept within the time limited, but must also pay or tender the price. *Weaver v. Burr,* 31 W. Va. 736, 3 L. R. A. 94. This rule has particular application to the case we are considering. The goods mentioned in the agreement were in bond, and it was the duty of the appellant to pay the internal revenue tax due the general government before the goods could be released. No duty rested upon the defendant to advance the internal revenue tax and make delivery of the goods prior to payment therefor, and the petition is entirely silent regarding any offer or tender of payment of the purchase price or the tax necessary to release the goods from the bonded warehouse.

The demurrer was properly sustained, and we recommend an affirmance of the judgment.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment appealed from is

AFFIRMED.